Mira Holdings, Inc
mirahold2@gmail.com
2801 Hennepin Ave
Suite 159
Minneapolis, MN 55408
Telephone: 612-703-7994

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Mira Holdings, Inc,
A Minnesota Corporation,

Plaintiff,

v.
SRL BOWTEX
Avenue d'Uccle 59
1190 Forest
Belgium
A Belgian Corporation,

Defendant

Case No.   24-cv-3130 (KMM/DTS)

**COMPLAINT FOR:**

**[1] DECLARATORY RELIEF
LANHAM ACT, 15 U.S.C.
§1114(2)(D)(iv) and §1125 (a)
[2] REVERSE DOMAIN NAME
HIJACKING
ANTICYBERSQUATTING
CONSUMER PROTECTION ACT,
15 U.S.C. § 1114](2)(D)(v) and §1125(d)**

_____/

RECEIVED

AUG 02 2024

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Plaintiff, Mira Holdings, Inc ("Mira Holdings" or "Plaintiff"), files this, his Complaint against SRL Bowtex ("Bowtex" or "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for Declaratory Judgment under the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a); and reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(v).

2. This Court has personal jurisdiction over Defendant as they have consented to jurisdiction by this court in selecting "location of the domain name holder's address" as "Mutual Jurisdiction" with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

3. Venue in this Court exists as the office of the "domain name holder's address", Mira Holdings, Inc., is located in Minneapolis, Hennepin County, Minnesota, and, pursuant to 28 U.S.C. § 1391(b)(1) and (c), as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4. Plaintiff, Mira Holdings, Inc, is a Minnesota Corporation with its office at 2801 Hennepin Avenue, Suite 159, Minneapolis, Minnesota 55408.

5. On information and belief, Defendant, SRL BOWTEX, is a Belgian Corporation having its principal place of business in Belgium.

## NATURE OF THE CONTROVERY

6. This is an action for Declaratory Judgment and certain other statutory remedies under the Trademark laws of the United States and the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. §1125(d). The Plaintiff is the registrant of the internet domain name Bowtex.com. The domain name has been "locked" by the registrar, GoDaddy.com, and is at immediate risk of being transferred away from Plaintiff by, and as a result of, the actions of Defendant, which claim trademark rights and certain other rights with respect to the term and the domain name Bowtex.com. The Plaintiff seeks a determination by this court that the Plaintiff's registration and/or use of Bowtex.com is **not**, and has not been in violation of the ACPA and that Plaintiff's use of Bowtex.com constitutes neither an infringement, a threat of dilution of Defendant's trademark nor a violation of the ACPA.

## FACTS COMMON TO ALL CLAIMS OF RELIEF

7.  This case involves "reverse domain name hijacking," which occurs when an individual or an entity may allege that it is the owner of a trademark and assert spurious claims of trademark infringement and trademark dilution against the owner of a domain name whose chosen domain name is similar or identical to the registered trademark. Defendant is attempting to wrest control of Plaintiff's domain name by asserting baseless allegations of trademark infringement, trademark dilution and cybersquatting.

8.  Plaintiff is in the business of acquiring and using for business purposes, various generic domain names as and when they become available, for leasing, sale or email services.

9.  The disputed Domain Name Bowtex.com was originally purchased by the Plaintiff for a cost of $2,056 in 2021. Pursuant to his business plan, Plaintiff purchased and registered the domain name on or about Dec. 14, 2021, in good faith at which time (and at all times subsequent thereto) he believed and has had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful, and has "parked" it with a reputable monetizer, Bodis.com, since acquisition with an inquiry message.

10. Plaintiff is in the business of registering domain names and using them for email addresses or sale or lease; is the registrant of many generic domain names and has accumulated over 1,000 generic names that are used in this manner.

11. Plaintiff started investing in domain names about 10 years ago. Bockel.com, Qotex.com, Safemix.com, Sealtec.com, Telris.com, and Zotexo.com are similar generic domains that are owned by Plaintiff.

12. Defendant SRL Bowtex has a **"limited"** U.S. trademark for "Bowtex" while Plaintiff's domain name is "Bowtex.com" which is made up of 2 common words "Bow" and "Tex." Defendant's trademark is non-exclusive and for a narrow class of goods. The trademark is limited to the following goods and services: - Cl. 9: Protective body armor, namely, ballistic, bullet, blast, slash and stab resistant clothing; Articles of protective clothing for wear by motorcyclists for protection against accident or injury. Plaintiff has not used his domain "BowTex.com" for protective motorcycle clothing. At the time of the registration(Dec. 2021) of the BowTex.com domain, the defendant's trademark was not famous or well known. Defendant has also failed to provide any evidence of its "famous" and "well known" mark in the United States. In its UDRP filing, defendant reports its website to be bowtex.store. A search of the archive.org database shows bowtex.store having a first entry of Aug 6, 2020. That is only 16 months before the registration of the domain "BowTex.com." In those 16 months, minimal if any trademark rights had accrued.

13. On April 18th, 2024, Defendant filed a Complaint thereby initiating an arbitration proceeding against Plaintiff with the World Intellectual Property Organization (WIPO) in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") against the Plaintiff for the domain name Bowtex.com. On or about April 18th, 2024, the registrar of the domain name, Godaddy.com "locked" the domain name, thereby prohibiting Plaintiff from utilizing the domain name in accordance with the uses typically enjoyed by a registrant of a domain name. The action to "lock" the domain name was in accordance with the UDRP and associated procedures.

14. On July 23, 2024, the WIPO panel assigned to the case rendered a decision requiring the transfer of the domain name to Defendant. (WIPO Arbitration and Mediation Center Case No. D2024-1632) **[EXHIBIT A]**. As of the date of the filing of this complaint, the domain name continues to be "locked" pending the transfer of the registration to the Defendant on April 26, 2024, pursuant to the UDRP decision.

15. Plaintiff's use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Defendant as it relates to the products that Defendant offers, nor is there any possibility of confusion between the products offered by Defendant to the general public. Further, Defendant did not cite one instance of consumers being confused by Plaintiff's web site and Defendant's web site.

16. Plaintiff's use of Bowtex.com as his chosen domain name is a fair or otherwise lawful use of the term.

17. At no time, did Plaintiff trade upon or use Defendant's trademarks for "Bowtex".

18. At no time did the Plaintiff register or use the domain name Bowtex.com in "Bad Faith" as defined by 15 U.S.C. §1125.

19. Due to the impending transfer of the domain name to the Defendant pursuant to the Decision by the WIPO Panel, Plaintiff is now forced to bring this action to protect his rights in his intellectual property. Plaintiff may have to retain counsel and incur substantial fees and costs to bring this suit.

20. Because WIPO has directed that the Bowtex.com domain name be transferred to Defendant, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Plaintiff's registration and use of Bowtex.com is unlawful under the ACPA and the Lanham Act.

21. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's use of the term Bowtex.com as his domain name infringes Defendant's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

22. Plaintiff has never sold, transferred, or trafficked in the domain name.  Nor has Plaintiff at any time directly offered to sell the domain name to Defendant, though the domain name, along with other domain names registered by Plaintiff are available for sale.

23. At all times, Plaintiff utilized the domain name in a bona fide manner for bona fide purposes.

24. Plaintiff did not have any intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

25. Plaintiff did not provide material and misleading false contact information when applying for the registration of the domain name.  Plaintiff did not fail to maintain accurate contact information with respect to the domain name in question or with respect to any other domain name.

26. Plaintiff's use of Bowtex.com as his chosen domain name is a fair or otherwise lawful use of the term.

27. Because of the actions of Defendant, and its claims of trademark infringement and dilution, Plaintiff faces losing valuable rights in his Internet domain name.

## **FIRST CLAIM FOR RELIEF**

## **Declaratory Judgment - Lanham Act, 15 U.S.C. §§1114(2)(D)(v) and 1125(a)**

28. Mira Holdings, Inc. incorporates by reference the factual allegations set forth in Paragraphs 7 through 26 above.

29. The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for an injunctive relief to the domain name registrant, including the reactivation of the domain name. 15 U.S.C.§ 1114(2)(D)(v).

30. Section 1114(2)(D)(v) provides a registrant who is threatened with the loss of his domain name under the UDRP with a cause of action for an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

31. Defendant does **not** have an exclusive registered U.S. Trademark nor did it have such a right at the time Plaintiff registered the domain name.

32. Plaintiff did not register the domain name Bowtex.com with the bad faith intent to profit from the goodwill of defendant.

33. Plaintiff is entitled to have the unencumbered use of the domain name Bowtex.com and to have the domain name reactivated and to have any and all suspensions or transfers terminated and prohibited.

34. In the UDRP action, Defendant intentionally misrepresented and incorrectly stated in its Complaint that Plaintiff had been using the domain name Bowtex.com to sell the domain name to the Defendant, when the truth was that from acquisition to date, there were no direct offers to sell the domain name to Defendant. These allegations misrepresented by Defendant to the UDRP Panel were the express cause of the WIPO panel to require Plaintiff to transfer the Domain Name to Defendant **[EXHIBIT A]**.

35. The Defendant fraudulently claimed to the UDRP Panel that the disputed Domain Name was used intentionally to attract, for commercial gain, Internet users to the Plaintiff's website or other on-line location, creating the possibility of confusion with the mark of the Defendant as to the source or commercial origin of those products, though knowing that there were no products of Defendant or Defendant's competitors being promoted by Plaintiff.

36. As a direct and proximate result of Defendant's wrongful conduct, Mira Holdings, Inc. has been and will continue to be damaged.

37. Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to maintain registration of its Domain Name, Bowtex.com, the transfer of the Domain Name to

Defendant will damage Plaintiff irreparably.  Mira Holdings, Inc. has no adequate remedy at law.

38.  Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Mira Holdings, Inc. is thus entitled to an award of attorney's fees and costs.

39.  Alternately, Mira Holdings, Inc. is entitled to elect statutory damages instead of actual damages and profits, pursuant to 15 U.S.C. §1117 (d).

### SECOND CLAIM FOR RELIEF

### Anticybersquatting Consumer Protection Act – 15 U.S.C. §1125(d) and §1114(2)(D)

40. Mira Holdings, incorporates by reference the factual allegations set forth in Paragraphs 7 through 26 above.

41.  Section 1114(2)(D)(iv) provides that when a registrar takes an action to transfer a domain name "based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys' fees, incurred by the domain name registrant as a result of such action."

42.  Section 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this Act." Under this section, a "court may grant injunctive relief to the domain name

registrant, including the reactivation of the domain name or transfer of the domain name back to the domain name registrant."

43. Mira Holdings's registration and use of the domain Name Bowtex.com was not unlawful under Title 15, United States Code, § 1114(2)(D)(v) or §1125(d).

## PRAYER FOR RELIEF

A.     Order GoDaddy.com to take all action necessary to enable the domain name Bowtex.com; to reactivate the domain name; to discontinue any suspension of the domain name; and to refrain from transferring the domain name from Plaintiff to Defendant;

B.     For a declaration from this Court that Plaintiff's registration, use and possession of the domain name Bowtex.com neither infringes defendant's trademarks, nor dilutes the trademarks in any manner nor constitutes a violation of any Federal or State law;

C.     For a declaration from this Court that Plaintiff may continue to use and enjoy his chosen domain name without interference of any type by the Defendant;

D.     For injunctive relief prohibiting defendant from interfering with or challenging Plaintiff's registration, possession or use of the subject domain name;

E.     For attorney's fees and costs incurred by the Plaintiff in bringing this action; and

F.     For such other relief as this Court may deem just and proper.

This 2nd day of August, 2024.

Michael A. Knight, President
Mira Holdings, Inc.
2801 Hennepin Ave
Suite 159
Minneapolis, MN 55408
PHONE 612-662-1816
Primary: mirahold2@gmail.com

By: _____
Michael A. Knight, President

8-2-2024